UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05 B 31460 |
| | ) | |
| Lehman Financial Group, LLC, | ) | Chapter 11 |
| an Illinois Limited Liability Company, | ) | |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |

## MEMORANDUM OPINION

Secured creditor 168 North Michigan Finance LLC ("Finance") obtained a foreclosure judgment in the Circuit Court of Cook County on June 30, 2005, against Lehman Financial Group LLC. On August 10, 2005, Judge Nixon of that court denied Finance's subsequent motion to modify such judgment to include attorneys' fees for the prejudgment period of time from May 31, 2005, to June 30, 2005. (Ex. to Debtor's Objection to Claims of Finance: Report of Proceedings, August 10, 2005, at 9, 22.) That same day, Lehman filed a petition for relief under Chapter 11 of the U.S. Bankruptcy Code. This Court set the claims bar date in the case as February 27, 2006, the same day that secured creditor filed its proof of claim for $6,479,241.08 plus interest and advances. The debtor-in-possession's Chapter 11 plan was confirmed on May 3, 2006. Secured creditor Finance noticed a motion to amend its foreclosure judgment in state court on May 22, 2006, and the Circuit Court of Cook County entered the amended foreclosure judgment on May 24, 2006, increasing the judgment to $7,310,725.41 to account for additional attorneys' fees for both the period for which they had previously been denied (May 31 through June 30 of 2005) as well as for the post-foreclosure-judgment period. The bankruptcy claim amendment, based almost entirely on the amended judgment, was filed herein on July 10, 2006,

1

increasing the total bankruptcy claim to $7,496,493.32.

The requirements for the amendment of proofs of claim after the proof of claim bar date include two inquiries. The Seventh Circuit has begun by using the amendment standard from Bankruptcy Rule 7015 (Civil Rule 15(c)(2)), which creates a nexus test, and then continues to other equitable considerations. *Holstein v. Brill*, 987 F.2d 1268, 1270 (7th Cir. 1993); *Matter of Unroe*, 937 F.2d 346, 350 (7th Cir. 1991); *Matter of Plunkett*, 82 F.3d 738, (7th Cir. 1996). The nexus test seeks to determine whether the amendment to the proof of claim is based on the same underlying legal claim or whether it is in fact a new claim for which the creditor missed the proof-of-claim bar date. Additionally, the Bankruptcy Court must take into account certain equitable considerations, including whether other creditors may be unfairly prejudiced; whether unfair surprise, excusable neglect, or inattentiveness exist; and whether the amending creditor has engaged in any bad faith or dilatory conduct. *Matter of Unroe*, 937 F.2d 346, 350 (7th Cir. 1991); *Matter of Plunkett*, 82 F.3d 738, 740-42 (7th Cir. 1996).

In this case, even if the nexus test is satisfied, as the attorneys' fees at issue are tied to the same underlying mortgage debt and document, the equitable considerations do not favor allowance of the proof of claim amendment. The secured creditor, Finance, sought an amendment increasing the amount of the prior state court foreclosure judgment to include additional pre- and post-judgment attorneys' fees. It did so, however, even though a state court judge had previously denied a similar postjudgment request in August 2005 to increase and amend the amount of the judgment due to the fact that the underlying judgment of foreclosure was pending on appeal. Regardless of the propriety of the timing of these postjudgment amendments in state court, the prior ruling made it clear that certain legal controversies and

2

issues did exist, that the debtor objected to increasing the claim in August 2005, and that amendment of a judgment that long after certification for appeal was not a clear-cut, automatic right. Nevertheless, Finance sought an amendment increasing the judgment by approximately $1 million in attorneys' fees, with notice only to an attorney, Mr. Gertzman, who at one time represented the debtor in the nonbankruptcy proceedings and who certainly did not represent the estate or the debtor-in-possession in this Chapter 11 bankruptcy case. Thus, the attempt at foreclosure-judgment amendment was not brought to the attention of the bankruptcy estate, the debtor-in-possession acting as its trustee, or unsecured creditors. This lack of notice occurred in spite of the fact that the amendment, by increasing the attorneys' fees added to the foreclosure judgment, increased Finance's secured claim against the primary asset of the bankruptcy estate at the same time that the assets of the estate had very real potential to be insufficient to satisfy the claims of unsecured creditors. In other words, the amendment to the underlying foreclosure judgment sought to improve the secured creditor's claim vis-a-vis the claims of both administrative claimants and unsecured creditors. The estate had a stake in both challenging Finance's underlying right to amend the judgment, as the debtor successfully did in August 2005, and challenging the specific amount of attorneys' fees Finance was requesting. Furthermore, notice issues are essential to the equitable considerations governing whether the proof of claim may be amended past the bar date, but the notices on the bankruptcy end were deficient. Finance contends that the Chapter 11 plan authorization for it to seek amendment of its foreclosure judgment provides the parties in interest in this Chapter 11 the requisite notice that it would increase its proof of claim. This provision in the Chapter 11 plan might generally authorize Finance's activity in state court, but it obviously does not put anyone, including the debtor-in-

3

possession and other creditors, on notice of 1) the substantive grounds for amending the judgment, 2) the date on which such amendment would be sought from a state court judge, and 3) the specific amount of attorneys' fees that Finance wanted to add to its secured claim in the bankruptcy case by means of the amendment in the state court foreclosure case. Then, to top off this course of conduct, Finance sat on the amended state court foreclosure judgment it obtained for two months, failing to file its amended proof of claim of a rather important $1 million amendment (and to thereby notify the bankruptcy estate) until July 10, 2006. This delayed the ability of the debtor-in-possession and other creditors to launch an effective challenge to the amount before the expected sale of the estate property and concomitant distribution of proceeds in August 2006. "Timely presentation is essential to permit investigation and resolution of contests." *Matter of Plunkett*, 82 F.3d 738, 741 (C.A.7 1996). The delay, being longer than 30 days, may also have changed the substantive standard by which the debtor-in-possession could have launched a challenge to the May 24, 2006, amendment by further appeal or by postjudgment motion, *cf.* 735 ILCS 5/2-1203 & 1301(e) *with* 735 ILCS 5/2-1401. As Finance's emphasis on the *Rooker-Feldman* doctrine demonstrates, the ability of a party to a federal court proceeding to challenge an underlying state court judgment in the same state court that produced it is essential, as the federal court may ignore it only if it is void or if some other Bankruptcy Code or Rule permits the same action, including the federal standards governing proof of claim deadlines, amendments, and automatic-stay enforcement. Additionally, the amendment to the proof of claim was itself done without bankruptcy court authorization and accompanying notice to creditors. Although the Federal Rules of Bankruptcy Procedure do not explicitly require this, the following Seventh Circuit passage suggests that a post-bar-date amendment would require court

4

authorization:

> Under Rule 15(a) it needs leave of court to amend after a "responsive pleading" has been filed-and if the letter of May 1982 is a claim, then there have been oodles of responsive pleadings since. A bar date was set and ignored. Criteria in Rule 15 do not tell a bankruptcy court when it may allow post-bar-date amendments. We held in *In re Unroe*, 937 F.2d 346 (7th Cir.1991), that the court's general equitable powers under 11 U.S.C. § 105(a) permit it to allow such untimely amendments, but the question remains whether the court should grant leave to make any particular amendment.

*Matter of Plunkett*, 82 F.3d 738, 740 (7th Cir. 1996). Perhaps this Rule 3007 claim objection proceeding itself is the proceeding on "whether the court should grant leave to make any particular amendment," or perhaps some other amendment-authorization proceeding under Rule 7015 was skipped. Either way, the equities are substantially the same.

In conclusion, even if the Amendment to Judgment for Foreclosure and Sale is a valid, enforceable state court judgment served in accordance with state law, the U.S. Bankruptcy Court controls the bankruptcy proof-of-claims allowance and amendment process under federal standards delineated above. The post-bar-date amended proof of claim of Finance is disallowed in this instance due to inequitable conduct, including lack of notice and delay, and prejudice to administrative claimants and unsecured creditors.

The Court reserves the right to address additional grounds raised in the briefs, including the applicability of the automatic stay, in an amended opinion.

Dated: August 30, 2006                    ENTERED: *Jacqueline P. Cox*

                                          _____
                                          Jacqueline P. Cox
                                          United States Bankruptcy Judge